IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roderick Jerome English, | ) C/A No. 1:13-2677-JFA-SVH |
|                 Plaintiff, | ) |
| | ) O R D E R |
| vs. | ) |
| Dr. Beverly A. Wood; Donikias Gray; Counselors Maddox; William R. Byars, Jr.; Dr. Nocho Perez; Ashley Sharmane Washington; and Dr. Ferluato, | ) |
|                 Defendants. | ) |

The *pro se* plaintiff, Roderick Jerome English, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 contending that the defendants negligently failed to prescribe anxiety medication for him and failed to respond to his serious medical needs. He seeks injunctive relief.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the complaint should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The plaintiff was advised of his right to file objections to the Report and Recommendation and he has timely done so. The court has reviewed the objections and finds them to be duplicative of the claims in his original complaint. As such they are overruled. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As the Magistrate Judge properly opines, it is clear that the plaintiff has failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act of 1996. *See* 42 U.S.C. § 1997(e). Additionally, the plaintiff's claims of negligence by the defendants is not actionable under § 1983.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and adopts and incorporates it herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

April 1, 2014
Columbia, South Carolina

2